**AL TECH SPECIALTY STEEL CORPORATION, Plaintiff,**

v.

**The UNITED STATES ENVIRONMEN-TAL PROTECTION AGENCY and the New York State Department of Environmental Conservation, Defendants.**

**Civ. A. No. 86–CV–520.**

United States District Court,
N.D. New York.

Nov. 25, 1987.

Paul R. Braunsdorf, Harris, Beach, Wilcox, Rubin & Levey, Rochester, N.Y., for plaintiff.

U.S. Dept. of Justice, Lands Div., Environmental Enforcement Section, Washington, D.C., Beth S. Ginsberg, for U.S.E.P.A.

Robert Abrams, Atty. Gen., Albany, N.Y., Michael J. Moore, for NYS Dept. of Environmental Conser.

Peter Sullivan, A.A.G., Buffalo, N.Y., for NYS Dept. of E.C.

## ORDER

McAVOY, District Judge.

This matter came on before the Court for hearing on cross motions for summary judgment. The Court having carefully reviewed the parties' written submissions and having heard oral argument, concludes as follows:

The surface impoundment at AL Tech's Watervliet plant actively stores leachate that has been determined to be hazardous. The hazardous content of the leachate is undisputed as it is derived from emission control dust, and baghouse bags, a listed hazardous waste known as "KO61" under 40 C.F.R. § 261.30 and 6 N.Y.C.R.R. § 371.-4, and is "EP toxic" as it exceeds the standard for Extraction Procedure toxicity. 40 C.F.R. § 261.30; 6 N.Y.C.R.R. § 371.3.

The emission control dust and baghouse bags were disposed of in the Watervliet landfill prior to the effective date of RCRA's implementing regulations. Yet, notwithstanding the origins of the leachate,

---

it continues to be generated anew when rainwater mixes with the emission control dust. The leachate then percolates through the landfill down a number of rivulets and lands in the surface impoundment where it is ultimately stored prior to its transmission to the water treatment facility. Since the surface impoundment actively "stores" hazardous waste within the meaning of 40 C.F.R. § 260.10 and 6 N.Y.C.R.R. 370.3(b)140, it is thus subject to the Resource Conservation and Recovery Act, ("RCRA") 42 U.S.C. § 6901 *et seq*, and Title 9 of Article 27 of the New York State Environmental Conservation Law.

In addition, the surface impoundment fails to qualify for the exemption for "totally enclosed treatment facilities" pursuant to 40 C.F.R. § 264.1(g)(5); 6 N.Y.C.R.R. § 370.2(b)(146) and must thus be subject to the requirements of RCRA. The surface impoundment is not directly connected to the industrial production processes, does not treat the leachate while it is being stored, and is not constructed in a manner that prevents the release of the hazardous substances into the environment.

It is hereby ORDERED that summary judgment be GRANTED defendants the United States Environmental Protection Agency and the New York State Department of Environmental Conservation. Summary judgment is hereby DENIED plaintiff AL Tech Specialty Steel.