**AL TECH SPECIALTY STEEL CORPORATION, Plaintiff–Appellant,**

v.

**The UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, and the New York State Department of Environmental Conservation, Defendants–Appellees.**

No. 938, Docket 87–6289.

United States Court of Appeals, Second Circuit.

Argued April 22, 1988.

Decided May 10, 1988.

Paul R. Braunsdorf, Rochester, N.Y. (Alan J. Knauf, Pittsford, N.Y., Patricia A. Hulley, Harris, Beach, Wilcox, Rubin and Levey, Rochester, N.Y., of counsel), for plaintiff-appellant.

Jacques B. Gelin, Dept. of Justice, Washington, D.C. (Thomas E. Hookano, Acting Asst. Atty. Gen., Dirk D. Snel, Beth S. Ginsberg, Dept. of Justice, Washington, D.C., Steven E. Silverman, U.S.E.P.A., Washington, D.C., Robert Abrams, Atty. Gen. of the State of N.Y., Michael J. Moore, Asst. Atty. Gen., State of N.Y.,

Albany, N.Y., of counsel), for defendants-appellees.

G. William Frick, Thomas S. Llewellyn, American Petroleum Institute, Washington, D.C., for American Petroleum Institute.

Angus Macbeth, Sidley & Austin, Washington, D.C., for Nat. Solid Wastes Management Ass'n.

William H. Crabtree, Thomas R. Merlino, Motor Vehicle Manufacturers Ass'n of the U.S., Inc., Detroit, Mich., for Motor Vehicle Mfrs. Ass'n.

John T. Smith II, Covington & Burling, Washington, D.C., David F. Zoll, Kenneth M. Kastner, Chemical Mfrs. Ass'n, Washington, D.C., for Chemical Mfrs. Ass'n.

Karl S. Bourdeau, Beveridge & Diamond, Washington, D.C., Barton C. Green, American Iron and Steel Institute, Washington, D.C., for American Iron and Steel Institute and for amici curiae American Petroleum Institute, American Iron and Steel Institute, Chemical Mfrs. Ass'n, Motor Vehicle Mfrs. Ass'n, Nat. Solid Wastes Management Ass'n.

Before TIMBERS, MESKILL and KEARSE, Circuit Judges.

PER CURIAM:

AL Tech Specialty Steel Corporation (AL Tech) filed a complaint in January 1986 seeking a judicial determination that it does not operate a hazardous waste treatment, storage or disposal facility and thus is not subject to regulation under either the Resource Conservation and Recovery Act, 42 U.S.C. § 6901 et seq. (1982 & Supp. III 1985) (RCRA) or the N.Y. Environmental Conservation Law § 27–0900 et seq. (McKinney 1984) (ECL). Defendants, the United States Environmental Protection Agency (EPA) and the New York State Department of Environmental Conservation (DEC), had informed AL Tech that it was subject to regulation under the RCRA and the ECL because of a collection basin on its property.

AL Tech built this basin after it learned in late 1977 that precipitation was seeping through the soil at a landfill on its property where emission control dust had been buried, and that the resulting leachate (water with the dissolved emission control dust) thereby created was flowing from the landfill into a nearby creek. The basin was built below the landfill, so that the leachate by gravity would flow from the landfill into the basin. AL Tech pumps the leachate from the basin to a treatment plant, where it is converted into a nonhazardous sludge.

After AL Tech filed its complaint, it moved for summary judgment, as did the EPA and the DEC. The United States District Court for the Northern District of New York, McAvoy, J., granted the motions for summary judgment of the EPA and the DEC and denied AL Tech's motion. See AL Tech Specialty Steel Corp. v. United States Environmental Protection Agency, 674 F.Supp. 72 (N.D.N.Y.1987). The court found that the leachate is a hazardous waste for two separate reasons: (1) it is derived from the disposal of emission control dust, which is a listed hazardous waste; and (2) it exhibits a hazardous waste characteristic. Id. at 72. In addition, the court concluded that the collection basin actively "stores" hazardous waste, and thus is subject to regulation under the RCRA. Id. at 73.

The order granting the defendants' motion for summary judgment did not dispose of all of the claims in the case, however. After a request from AL Tech, Judge McAvoy signed a second order directing the entry of final judgment on AL Tech's complaint, pursuant to Fed.R.Civ.P. 54(b). AL Tech then brought this appeal.

We affirm the district court's order granting the defendants-appellees' motions for summary judgment substantially for the reasons set forth by the district court in its opinion below at 674 F.Supp. 72. We add one note, however. The district court found that the leachate is a hazardous waste for two separate reasons. Amici curiae challenge one of these reasons, i.e., that the leachate is a hazardous waste because it is derived from the disposal of a listed hazardous waste. Amici curiae and AL Tech apparently concede, however, that the leachate is hazardous because it exhib-

its a characteristic of a hazardous waste. We thus conclude that we can affirm on that basis without considering *amici*'s arguments.

We hereby do so.